## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK L. FELLOWS,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,

        Agency.

DOCKET NUMBER
DA-0752-13-1027-I-1

DATE: February 18, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Norman Jackman</u>, Esquire, Cambridge, Massachusetts, for the appellant.

<u>Lisa M. Ezra</u>, Esquire, and <u>Jennifer Petelle</u>, Laredo, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision, MODIFYING the due process analysis but still finding that the appellant failed to prove that claim.

¶2      Based on the results of a fitness-for-duty (FFD) examination, Initial Appeal File (IAF), Tab 7 (agency file on a compact disc) at 315-24, the agency removed the appellant from his position as a GS-12 Border Patrol Agent (BPA), effective September 18, 2012, charging that he was psychiatrically not fit for duty and unable to perform the essential duties of his position.[2] *Id.* at 357-60, 234-38. The appellant filed a complaint with the agency's Office of Civil Rights and Civil Liberties in which he alleged that the removal action was due to discrimination based on race and sex and taken in retaliation for protected equal employment opportunity (EEO) activity. On May 7, 2013, the agency issued a final agency decision (FAD) finding no discrimination and no retaliation. Because the appellant had not been provided the proper review rights, the agency issued an amended and procedurally correct FAD on July 11, 2013. *Id.*, Tab 3. The

---

[2] A consulting psychiatrist reviewed the results of the original FFD examination and concurred in them. IAF, Tab 7 at 353-54.

appellant filed a timely appeal with the Board from the amended FAD, *id.*, Tab 1, and requested a hearing,[3] *id.* at 2.

¶3  The administrative judge thereafter issued an initial decision based on the written record in which he affirmed the agency's action. *Id.*, Tab 77, Initial Decision (ID) at 2, 17. He found that the agency ordered the appellant to submit to a FFD examination based on numerous documented incidents that raised the concern of his supervisors and coworkers as to his ability to perform his full duties in a safe and effective manner. ID at 3. The administrative judge noted, based on the appellant's position description, IAF, Tab 7 at 676-81, that he was required to apply law enforcement procedures and methods in interrogating suspects, to make instantaneous and unsupervised custodial decisions with a potential for international consequences, to arrest combative suspects, and generally to carry out the most difficult assignments in all operational and specialty areas. ID at 4. The administrative judge sustained the charge, concluding that: the appellant's BPA position has medical standards and physical requirements; based on the medical evidence, he was unable to perform his duties, including carrying a weapon; his condition was disqualifying and that its recurrence or his continued mental instability could not be ruled out; and, based on his duties, a recurrence would pose a reasonable probability of substantial harm.[4] ID at 6-7.

¶4  The administrative judge then considered the appellant's claim that the agency violated his due process rights, a claim he had raised in connection with his waiver of his right to a hearing. IAF, Tab 70. Specifically, he submitted

---

[3] During processing, the appellant submitted a pleading entitled "Appellant's Waiver of Hearing and Request for Reversal of Agency Action." IAF, Tab 70. Several days later, when neither the appellant nor his representative appeared at the hearing, the administrative judge canceled it and set a date for the close of the record. *Id.*, Tab 72.

[4] The administrative judge found that the appellant failed to establish that his removal was due to discrimination based on race or sex, or that it was in retaliation for protected EEO activity. ID at 7-12.

copies of two memoranda prepared by fellow BPAs[5] that, as exhibits to the FFD evaluation, *id.* at 7-9, were relied upon by the psychiatrist who prepared the evaluation and were in turn relied upon by the deciding official. The appellant argued below that the agency failed to provide him with these memoranda and that such failure constituted a violation of his due process rights. The administrative judge found the claim to be without merit, reasoning that the information contained in the memoranda was not new, but was cumulative to information already presented in the evaluation which the appellant received and to which he was offered an opportunity to respond. The administrative judge further found that the information was not of a type to create pressure on the deciding official to rule in a particular manner. ID at 14.

¶5     Finally, the administrative judge found that the agency's action promotes the efficiency of the service and that removal is a reasonable penalty for the sustained charge. ID at 14-17.

¶6     The appellant's sole argument on petition for review is that the administrative judge erred in finding that he did not suffer a due process violation. Petition for Review (PFR) File, Tab 1 at 5-9. The appellant argues, as he did below, that the two memoranda presumably constituted aggravating factors supporting an enhanced penalty, but that the agency did not provide him with the memoranda to review and refute in his response to the notice of proposed removal.

¶7     It is well established that, if an employee has not been given notice of any aggravating factors supporting an enhanced penalty, an ex parte communication

---

[5] In the first memorandum, the BPA related a conversation he had with the appellant in which he described booby traps he set on certain trails, allegedly to slow down pedestrian traffic, but which the BPA feared could seriously harm not only anyone illegally entering the United States but also other agents. IAF, Tab 70 at 7-8. In the second memorandum, another BPA described a conversation in which he overheard the appellant bragging to yet another BPA that he was going to get three Supervisory BPAs fired, and an earlier conversation he had with the appellant in which he stated that he intended to kill a fellow BPA. *Id.* at 9.

with the deciding official regarding such factors may constitute a due process violation. *Ward v. U.S. Postal Service*, [634 F.3d 1274](#), 1280 (Fed. Cir. 2011). However, the record does not support the appellant's claim that he was not provided with the memoranda prior to the time he replied to the charge. The two memoranda were provided to his former attorney in response to his initial data request, in a file marked "Materials Relied Upon," well in advance of the appellant's oral reply to the proposed removal. IAF, Tab 76 at 38-39 (declaration of agency the Labor and Employee Specialist who responded to the appellant's then-attorney's request for information that he provided the memoranda to the attorney on February 24, 2012). On March 21, 2012, still months before the appellant's oral reply, his attorney submitted a supplemental data request to the agency in which he specifically referenced both memoranda and requested that the agency provide him any additional information related to them. IAF, Tab 7 at 261-67. As such, the record supports a finding that the appellant's designated representative had these two memoranda in his possession several months prior to June 8, 2012, when the appellant made his oral reply. As such, the memoranda do not constitute ex parte communications.

¶8 On review, the appellant argues that his then-attorney was misled by "agency subterfuge" when he agreed that the medical reports from the agency would only be released to a qualified medical practitioner chosen by the appellant who would provide them to him in a therapeutic setting. PFR File, Tab 1 at 8. According to the appellant, based on that agreement, he did not personally review certain documents including, presumably, the two memoranda, until August 14, 2012, 2 months after he gave his oral reply. IAF, Tab 73 at 16-18. However, the record reflects that the agency afforded the appellant a second opportunity to make an oral reply after August 14, 2012, *id.*, Tab 10 at 5, but that his attorney

canceled it, *id.*, Tab 76. With an exception not here applicable,[6] the Board has long held that an appellant is bound by the actions or inactions of his designated representative. *Cf. Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (the appellant is responsible for the errors of his chosen representative). The decision of the appellant's then-attorney to not share certain documents with the appellant until he could review them in the company of a specific medical professional does not render those documents an ex parte communication or otherwise constitute a due process violation.

¶9 The appellant does not, on review, challenge the administrative judge's findings regarding the charge, the claims of discrimination or retaliation, the efficiency of the service, or the reasonableness of the penalty, PFR File, Tab 1, and we discern no reason to disturb those findings, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

---

[6] When an appellant's diligent efforts to prosecute his appeal are thwarted by his representative's negligence or malfeasance, the appellant and his representative were not acting as one, and the representative's negligence or malfeasance should not be attributed to the appellant. *Edwards v. Department of Veterans Affairs*, 111 M.S.P.R. 297, ¶ 6 (2009).

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.